UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

MICHAEL HELTON, )
 ) Case No. 1:09-CV-133
 Plaintiff, )
 )
v. )
 )
 ) Chief Judge Curtis L. Collier
FLOWERS BAKERY OF CLEVELAND, )
LLC, and TENNESSEE TEMPS, INC., )
 )
 Defendants )

**MEMORANDUM**

Defendants Flowers Bakery of Cleveland, LLC and Tennessee Temps, Inc. ("Defendants") filed a motion to strike Plaintiff Michael Helton's ("Plaintiff") demand for a jury trial (Court File No. 10). Plaintiff has filed a response (Court File No. 12) and Defendants did not reply. For the reasons discussed below, the Court will **DENY** Defendants' motion.

**I. FACTS**

Plaintiff asserts he was jointly employed by Defendants from January 2009 until April 2009. Plaintiff is a member of the United States Naval Reserve's Operational Support Unit stationed in Bessemer, Alabama. As a naval reservist, Plaintiff is obligated to serve at least one weekend per month in Bessemer, Alabama. In addition, Plaintiff was required to attend a four-month training program in late 2009. Plaintiff asserts he was terminated from his position because of his military obligations, in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301 *et seq.* In this case, he alleges causes of action only under USERRA, seeking lost wages and benefits as liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C). Though Plaintiff has demanded a jury, Defendants claim Plaintiff is not so entitled,

either under USERRA or the Seventh Amendment.

## II. DISCUSSION

Whether a party has a right to a jury on a USERRA claim is unsettled. So far, no court of appeals has answered this question. Several district courts have, however, and all have held a right to a jury exists on a claims for liquidated damages under USERRA. *See Maher v. City of Chicago*, 463 F. Supp. 2d 837, 841 (N.D. Ill. 2006); *Duarte v. Agilent Tech., Inc.*, 366 F. Supp. 2d 1036, 1037-38 (D. Colo. 2005); *Spratt v. Guardian Auto. Prods. Inc.*, 997 F.Supp. 1138, 1141 (N.D. Ind. 1998). Defendants cite no authority in which a court has reached the opposite conclusion. Defendants argue instead both the plain language and legislative history of USERRA indicate the intent of Congress for such claims to be resolved by a bench trial, rather than a jury.

Under the Seventh Amendment, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." This right to a jury includes more than the common law causes of action recognized in 1791. The Supreme Court has interpreted the phrase "Suits at common law" to refer to "'suits in which legal rights are to be ascertained and determined, in contradistinction to those where equitable rights alone are recognized, and equitable remedies are administered.'" *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (quoting *Parsons v. Bedford*, 3 Pet. 433, 447, 7 L. Ed. 732 (1830) (alterations omitted)). Therefore, this right extends to causes of action created by Congress. *Id.* at 564-65; *Tull v. United States*, 481 U.S. 412, 417 (1987).

To determine whether a particular action will resolve legal rights, the Court must examine the nature of the issues involved and the remedy sought. "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and

2

equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Tull*, 481 U.S. at 417-418. The second inquiry is the more important in the analysis. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989).

Before inquiring into the applicability of the Seventh Amendment, however, the Supreme Court has invoked the "cardinal principle" that a court should first ascertain "whether a construction of the statute is fairly possible by which the constitutional question may be avoided." *Tull*, 481 U.S. at 417 n.3 (citing *Curtis v. Loether*, 415 U.S. 189, 192, n.6 (1974)) (quotations omitted). Defendants argue the text and legislative history of USERRA indicate Congress intended to create an equitable remedy under USERRA. For the reasons that follow, the Court finds the opposite to be true: Congress intended to create a right to a jury trial on USERRA claims for liquidated damages.

Defendants invoke the cardinal principle of constitutional avoidance, arguing Plaintiff has no right to a jury trial because the statute plainly states "the court" may require an employer to pay liquidated damages. The relevant language states:

> In any action under this section, *the court* may award relief as follows:
> (A) *The court* may require the employer to comply with the provisions of this chapter.
> (B) *The court* may require the employer to compensate the person for any loss of wages or benefits suffered by reason of such employer's failure to comply with the provisions of this chapter.
> (C) *The court* may require the employer to pay the person an amount equal to the amount referred to in subparagraph (B) as liquidated damages, *if the court determines* that the employer's failure to comply with the provisions of this chapter was willful.

38 U.S.C. § 4323(d)(1) (emphasis added). Defendants also cite various examples of the word "court" or "district court" from the legislative history behind USERRA. As a result, Defendants argue "the court," and not a jury, is the entity that should decide liability and damages for USERRA violations.

3

It is unclear how broad the word "court" should be read in this context. Though Defendants argue it should be read to exclude a jury, Plaintiff argues a jury is a component of a court, and thus the word does not indicate one way or another the intention of Congress. According to Moore's Federal Practice, in the context of a right to a jury trial in statutory causes of action, "references to the 'court' in the text and legislative history of a statute" are "inconclusive." 8-38 *Moore's Federal Practice - Civil* § 38.44[4][d]. "There is a divergence among the courts on this issue. It has been held that the word 'court' encompasses trial by both judge and jury, that the word mandates neither a bench trial nor a jury trial, and that the term is 'ambiguous.'" *Id.* (citing examples). Critically, on at least two occasions, the Supreme Court has not resolved the issue of a right to a jury trial on the basis of statutory references to the word "court." *See Lorillard, Div. of Loew's Theatres, Inc. v. Pons*, 434 U.S. 575, 584 (1978) (interpreting the ADEA); *Curtis v. Loether*, 415 U.S. 189, 193 (1974) (interpreting Title VIII). In this case, the language and statutory history of USERRA shed no light on whether Congress intended the word "court" to include a jury as a component of the court.

Defendants also refer the Court to the Veterans' Reemployment Rights Act ("VRRA"), which was the predecessor to USERRA. According to Defendants, because a majority of courts did not recognize a right to a jury under VRRA, the same should be true under USSERA. If USERRA did no more than re-enact VRRA's remedies, Defendants' argument would have merit. "Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statue without change." *Lorillard*, 434 U.S. at 580-81. Under VRRA the district court had the discretionary power to award a plaintiff lost wages or benefits. Specifically, the court had the power "to require such employer to comply with such provisions and

4

to compensate such person for any loss of wages or benefits suffered by reason of such employer's unlawful action." 38 U.S.C. § 2022 (1982). Based on this language, most courts that considered the question held plaintiffs were not entitled to a jury trial.[1] *Mahr*, 463 F. Supp. 2d at 833 n.3 (citing cases). For example, by analogizing VRRA's enforcement provision with that of the then-existing version of Title VII,[2] the United States Court of Appeals for the Fourth Circuit held the power was a part of the equitable remedy of restitution and therefore did not carry a right to a jury. *Troy v. Hampton*, 756 F.2d 1000, 1003 (4th Cir. 1985).

In replacing VRRA with USERRA, however, Congress went much further than merely re-enacting the old law, and, consequently, "the instructive value typically associated with decisions under VRRA has limited utility in the instant case." *Mahr*, 463 F. Supp. 2d at 840. The most significant change enacted by USERRA is a provision for liquidated damages in cases of willful violations. *See* 38 U.S.C. § 4323(d)(1)(C) ("The court may require the employer to pay . . . liquidated damages."). Rather than suggesting Congress intended to maintain VRRA jurisprudence, when the statute is compared to other federal employment statutes allowing liquidated damages, this change suggests Congress intended to create a right to a jury trial.

Beyond USERRA, three other federal employment statutes allow for liquidated damages:

---

[1] It does not appear the Sixth Circuit ever considered the question of whether a plaintiff had a right to a jury trial under VRRA.

[2] Title VII was amended in 1991 to specifically provide plaintiffs with a right to a jury trial. Prior to that time, a judge decided a cause of action brought under Title VII. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 249 (1994). The relevant portion of then-existing Title VII stated "the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to reinstatement, or hiring of employees, with or without back pay . . . , or any other equitable relief as the court deems appropriate." 42 U.S.C. § 2000e-5(g) (1982).

5

the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b); the Family and Medical Leave Act, 29 U.S.C. § 2617(a)(1)(A)(iii); and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 216(b), 626(b). All of these have been interpreted to require a jury trial, at least in the Sixth Circuit, as discussed below. More importantly, however, the Supreme Court held before the enactment of USERRA that a requirement for willfulness in connection with liquidated damages creates a right to a jury trial. *See Lorillard*, 434 U.S. at 580-81 (interpreting the ADEA); *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 125-28 (1985) (same). The ADEA and USERRA are the only federal employment statutes that have a willfulness requirement in connection with liquidated damages. Because "Congress is presumed to be aware" of this judicial interpretation of the ADEA, *see Lorillard*, 434 U.S. at 580-81, this similarity suggests Congress intended to create a right to a jury under USERRA.

In *Lorillard*, the Supreme Court held ADEA claims require a jury. *Id.* at 580-81. *Lorillard* reached this conclusion on two grounds: "The ADEA's remedial provisions were expressly to be enforced in accordance with the [FLSA], which had been uniformly interpreted to provide a right to a jury trial; and the statute used the word 'legal,' which we found to be a 'term of art' used in cases 'in which legal relief is available and legal rights are determined' by juries." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 347 (1998) (citing and quoting *Lorillard*, 434 U.S. at 580-81, 583). *Lorillard* is useful to the present analysis, but it is not controlling, for three reasons. First, unlike the ADEA, the remedial provisions of USERRA are not linked to the FLSA. *See Feltner*, 434 U.S. at 347 (declining to extend *Lorillard* to the Copyright Act because of its lack of a statutory link to the FLSA). Second, the ADEA specifically distinguished between "legal" and "equitable" remedies, which is not the case in USERRA. *See id.* Third, *Lorillard* itself did not

6

resolve whether a jury trial is required on a claim for liquidated damages, because the petitioner had not preserved that specific question for appeal. 434 U.S. at 576 n.2.

Another decision of the Supreme Court interpreting the ADEA, however, makes clear that a claim for liquidated damages under either the ADEA or USERRA requires a jury trial. In *Trans World Airlines*, the Court held the ADEA's willfulness requirement makes a remedy of liquidated damages punitive, rather than compensatory, in nature. 469 U.S. at 125-28. Punitive damages are traditionally a remedy at law rather than equity, and create a right to a jury under the Seventh Amendment. *Tull v. United States*, 481 U.S. 412, 422 107 S.Ct. 1831, 1838 (1987) ("Remedies intended to punish culpable individuals, as opposed to those intended simply to extract compensation or restore the status quo, were [historically] issued by courts of law, not courts of equity."); *Curtis*, 415 U.S. at 196 (holding punitive damages are a traditional form of relief awarded by courts of law). Because USERRA also requires a finding of willfulness, every court to have considered the issue so far has determined USERRA liquidated damages are also punitive in nature, and thus entitle the parties to a jury. *Mahr*, 463 F.Supp.2d at 842; *Nino v. Haynes Int'l, Inc.*, No. 1:05-cv-602, 2005 WL 4889258, at *4 (S.D. Ind. Aug. 19, 2005); *Schmauch v. Honda of Am. Mfg., Inc.*, 311 F. Supp. 2d 631, 636 (S.D. Ohio 2003); *Duarte*, 366 F. Supp. 2d at 1038; *Spratt*, 997 F. Supp. at 1142.

Defendants note authority from the Sixth Circuit that not all liquidated damages are punitive in nature. Specifically, they cite cases in which liquidated damages under the FLSA and FMLA were held to be compensatory in nature. *See Blanton v. City of Murfreesboro*, 856 F.2d 731, 737 (6th Cir. 1988) (FLSA); *Solis v. Yang*, No. 07-6457, 2009 WL 2017906, at *2 (6th Cir. July 10, 2009) (citing *Elwell v. Univ. Hospitals Home Care Servs.*, 276 F.3d 832, 840 (6th Cir. 2002))

7

(FLSA). Because these statutes do not have a requirement of willfulness, however, USERRA liquidated damages are more like ADEA liquidated damages, which are punitive in nature and thus create a right to a jury. *See Trans World Airlines, Inc.*, 469 U.S. 125-28.

Even if this were not the case, Defendants' argument about the punitive nature of liquidated damages only goes so far. The damages under USERRA do not have to be punitive for them to create a right to a jury trial. In *Frizzell v. Southwest Motor Freight*, 154 F.3d 641 (6th Cir. 1998), the Sixth Circuit concluded claims under the FMLA carry a right to a jury trial. *Id.* at 643. It reached this conclusion in part because the FMLA based its remedial provisions on the FLSA, which, as stated above, courts have uniformly held provides for a jury trial. *Id.*; *see also Lorillard*, 434 U.S. at 580-81. Thus, in the Sixth Circuit, claims for liquidated damages under FLSA and FMLA each carry a right to a jury trial, even though the Sixth Circuit has found these damages to be compensatory. In addition, because these statutes, along with the ADEA, are the only federal employment statutes to provide for liquidated damages, recognizing a right to a jury trial under USERRA is a better approximation of congressional intent. *See Lorillard*, 434 U.S. at 580-81 (holding Congress is presumed to be aware of the judicial interpretation of existing federal statutes).

Therefore, because the Court must construe USERRA to avoid a question under the Seventh Amendment if fairly possible, and because Congress is presumed to have known a willfulness requirement creates a right to a jury in a claim for liquidated damages, the Court holds Congress intended to create a right to a jury on the issue of liquidated damages under USERRA.

## III. CONCLUSION

For the reasons discussed above, Defendants' motion to strike Plaintiff's demand for a jury trial will be **DENIED**.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

9